JOHN SKELTON, RESPONDENT, *v.* SARAH A. SCOTT, APPELLANT, IMPLEADED WITH OTHERS.

*Mortgage given by an executor — it is unnecessary to allege his appointment in an action to foreclose it.*

Where upon the conveyance of land to an executor, as such, he gives back a pur-chase-money mortgage, as executor, he and his grantees are estopped from denying his appointment and authority, and it is unnecessary to allege in an action to foreclose the mortgage the time and manner of his appointment.

APPEAL from an interlocutory judgment, overruling a demurrer to the complaint, interposed thereto on the ground that it did not state facts sufficient to constitute a cause of action.

This action was brought to foreclose a mortgage. The com-plaint alleged that said mortgage was given by one Israel O. Beattie, as executor of the last will and testament of John J. Scott, deceased, on certain real estate situate in the village of Middletown. That said mortgage was transferred and assigned to the plaintiff. That the mortgaged premises, through certain *mesne* conveyances, came into the possession of the defendant Scott. The defendant Scott demurred to said complant, on the ground that it did not state facts sufficient to constitute a cause of action.

*Winfield, Leeds & Morse*, for the appellant.

*Allison & O'Neill*, for the respondent.

GILBERT, J.:

The objection made by the defendant Scott that the complaint does not allege the facts relative to the appointment of Israel O. Beattie as executor, namely, when, where, and by what functionary letters testamentary were issued to him is not tenable.

Had the mortgage declared on, been made by Israel O. Beattie's testator, these averments might have been necessary. But such was not the case.

It was made after the death of the testator by Beattie, *as* executor, and it was, therefore, unnecessary for plaintiff, as the

holder of it, to make the formal allegations respecting the executor's appointment.

The proceedings by which the executor was appointed, and the transfer of the testator's effects, under these proceedings, would not be a necessary part of the plaintiff's proof upon the trial, and hence the averment of them would be unnecessary and superfluous. (*White* v. *Joy*, 3 Kern., 87.)

Beattie having taken a deed of the mortgaged premises in his capacity as executor, and having given back the purchase-money and mortgage in suit, expressly in that capacity, is as well as defendant Scott who holds her title under him, bound by his act and estopped to deny his appointment and authority. (*Tefft* v. *Munson*, 57 N. Y., 97; *Jackson* v. *Parkhurst*, 9 Wend., 209.)

The order of the Special Term, overruling the demurrer of the defendant Scott, must be affirmed, with costs.

Present — BARNARD, P. J., and GILBERT, J.; DYKMAN, J., not sitting.

Judgment affirmed, with costs.